IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COREY R. CALDWELL, #317013 | * | |
| Petitioner | * | |
| v | * | Civil Action No. GLR-14-1924 |
| STATE OF MARYLAND, et al. | * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM

Respondents are requesting dismissal of Corey R. Caldwell's ("Caldwell") Petition for Writ of Habeas Corpus for failure to exhaust his claims in state court. ECF No. 4. Caldwell was provided an opportunity to reply (ECF No. 5), but has not done so. After considering the filings, the Court deems a hearing unnecessary. See Local Rule 105.6 (D.Md. 2014).

## BACKGROUND

In this Petition filed pursuant to 28 U.S.C. § 2241 (2012), Caldwell, an inmate in the custody of the Maryland Commissioner of Correction, claims the Maryland Parole Commission is violating his constitutional rights by failing to conduct a timely hearing to determine whether he has violated the conditions of his mandatory release. ECF No. 1. As relief, he seeks a revocation hearing, recall or invalidation of his retake warrant, and release from detention. Id.

## DISCUSSION

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their state court remedies before seeking habeas review under § 2241. See Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 490 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010)

(noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief"). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court." Jones v. Bock, 549 U.S. 199, 207 (2007).

This petition is also subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to § 2241. See Francis v. Henderson, 425 U.S. 536, 538 (1976) ("[T]his Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); see also Timms, 627 F.3d at 531 (applying exhaustion requirements to § 2241 petition challenging civil commitment).

Both the operative facts and controlling legal principles of the claim must be presented in the state courts. Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citation omitted). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. See Preiser v. Rodriguez, 411 U.S. 475, 492 (1973). Caldwell does not refute his claims are unexhausted. Accordingly, the Petition will be dismissed without prejudice for lack of exhaustion of remedies available in state court.

### CERTIFICATE OF APPEALABILITY

Caldwell has no absolute entitlement to appeal a district court's denial of his habeas corpus request. See 28 U.S.C. § 2253(c)(1). A Certificate of Appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a COA will not issue unless a petitioner can demonstrate "both (1) 'that jurists of reason would

2

find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684-85 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)).  Caldwell does not demonstrate entitlement to a COA in this case.

## CONCLUSION

For these reasons, the Court will dismiss the Petition without prejudice and finds no grounds to issue a Certificate of Appealability.  A separate Order shall follow.

December 15, 2014                                                                                         /s/
                                                                                    _____
                                                                                    George L. Russell, III
                                                                                    United States District Judge